# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WESLEY S. WHITE, BAR NO. 9715.

No. 83448



FILED

OCT 06 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE
## AND SUSPENDING ATTORNEY

This is a petition under SCR 114 to reciprocally discipline attorney Wesley S. White based on his two-year suspension from the practice of law in North Carolina for one violation of RPC 1.3 (diligence), five violations of RPC 1.4 (communication), one violation of RPC 3.2 (expediting litigation), one violation of RPC 3.4 (fairness to opposing party and counsel), and two violations of RPC 8.4 (misconduct). Pursuant to a discipline-by-consent agreement, White admitted to violating these rules by improperly appealing a moot issue; failing to adequately respond to discovery requests multiple times, which resulted in his client's answer being stricken, a default being imposed, and an award of attorney fees to the opposing party; and failing to inform the client about the risks the client faced at a contempt hearing, which resulted in the client being sentenced to 30 days in jail for contempt. The discipline-by-consent order requires White

to serve a three-month actual suspension before he may apply for a stay of the remaining suspension as long as he has met certain conditions, including winding down his practice, communicating with the North Carolina State Bar, and obtaining a mentor. White has not responded to the SCR 114 petition.

Under SCR 114(4), this court must impose identical reciprocal discipline unless the attorney demonstrates or this court determines that (1) the other jurisdiction failed to provide adequate notice, (2) the other jurisdiction imposed discipline despite a lack of proof of misconduct, (3) the established misconduct warrants substantially different discipline in this jurisdiction, or (4) the established misconduct does not constitute misconduct under Nevada's professional conduct rules. None of these exceptions apply here, and "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state." SCR 114(5).

Accordingly, we grant the petition for reciprocal discipline and hereby suspend Wesley S. White from the practice of law in Nevada for two years starting from the date of this order. If White's North Carolina suspension is stayed during that period, White may notify the Nevada State Bar of the stay, and the suspension from the practice of law in Nevada will then be stayed after White has completed a three-month actual suspension

in Nevada, but any stay will be subject to the conditions set forth in the North Carolina order.[1]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Bar Counsel, State Bar of Nevada
Wesley S. White
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

_____

[1]The North Carolina order requires White to meet monthly with a mentor; ensure the mentor submits quarterly reports to the North Carolina State Bar; provide complete responses to all requested documentation from the North Carolina Bar; remain current in payment of bar dues, fees, and costs; not violate any rule of professional conduct during the stay; and remain current on his Continuing Legal Education requirements.